IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23CV527-GCM

| | |
|---|---|
| SABRENE BRANCH, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>JEFFERSON CAPITAL SYSTEMS, LLC, )<br>)<br>Defendant. )<br>) | ORDER |

This matter is before thew Court upon the pro se Plaintiff's Motion to Strike Affirmative Defenses. The Defendant has filed a Response in opposition. The Plaintiff has not filed a Reply and the time for doing so has expired. Accordingly, this matter is ripe for disposition.

The pro se Plaintiff filed her Complaint on August 22, 2023, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq*. in contacting Plaintiff in a way that Defendant knew was inconvenient to Plaintiff. Specifically, Plaintiff alleges she sent a letter to Defendant requesting validation of a debt and advising that the only convenient way to contact Plaintiff was via email, and despite this advisement, Defendant provided the debt validation by mail.

Defendant timely answered the Complaint and asserted four affirmative defenses to the claim. Plaintiff asserts the affirmative defenses are "insufficient, frivolous, vague, conclusory, and without factual basis" such that the defenses should be stricken under Rule 12(f).

Local Rule 7.1(b) of the United States District Court for the Western District of North Carolina provides:

> Requirement of Consultation. Civil motions must show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel. *A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied.* Consultation is not required for: (1) dispositive motions; (2) motions where the moving party is represented and the non-moving party is unrepresented; or (3) motions for an extension of time to file a responsive pleading to a complaint, counterclaim, crossclaim, or any other initial petition for relief.

LCvR 7.1(b) (emphasis added). Plaintiff is not exempt from the rule simply because she is self-represented. *See Crump v. Mecklenburg Cnty. Det. Ctr. Officers*, No. 3:22-cv-00133-MR, 2023 WL 416194, at *1 (W.D.N.C. Jan. 25, 2023) ("The Plaintiff does not certify in the Motion to Strike that he attempted to confer with defense counsel before filing the Motion. The lack of certification alone warrants the denial of the Motion."). Plaintiff's Motion does not include any representation that Plaintiff contacted or attempted to contact defense counsel regarding the Motion to Strike. Accordingly, the Motion is improper and will be dismissed as such.

Even if Plaintiff had complied with Local Rule 7.1(b), however, her Motion would still fail. Plaintiff argues this Court should apply the heightened pleading standard of *Twombly/Iqbal* to affirmative defenses. Neither the Supreme Court nor the Fourth Circuit have weighed in on this issue, but the "vast majority of courts within [the Western District of North Carolina] have consistently held that *Twombly* and *Iqbal*'s heightened pleading standards do not apply to affirmative defenses." *Shanti Wines, LLC v. Shanti Elixirs, LLC*, No. 1:22-cv-00262-MR, 2023 WL 5620736, at *1–2 (W.D.N.C. Aug. 30, 2023) (collecting cases). The Court find these cases persuasive and declines to apply the heightened pleading standard to Defendant's affirmative defenses.

Striking a defense from a pleading is a "drastic remedy" generally disfavored by the courts. *See Arora v. Daniels*, 3:17-cv-134, 2018 WL 1597705, *14 (W.D.N.C. Apr. 2, 2018) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). According

to the Fourth Circuit, "an affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice" of the affirmative defense. *Clem v. Corbeau*, 98 Fed. Appx. 197 (4th Cir. 2004). Moreover, a court should not strike an affirmative defense unless the movant can demonstrate unfair prejudice. *Sedgewick Homes, LLC v. Stillwater Homes, Inc.*, No. 5:16-CV-00049-RLV-DCK, 2016 WL 4499313, at *2 (W.D.N.C. Aug. 25, 2016). Here, the Court finds that Defendant's affirmative defenses provided Plaintiff with fair notice, and Plaintiff has failed to provide any demonstration of prejudice beyond her conclusory contention that she will have to engage in unnecessary discovery.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses is hereby DENIED.

Signed: November 21, 2023

Graham C. Mullen
United States District Judge